# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DARREN WHITE,                          )
 #277827,                              )
                                       )    CIVIL ACTION NO. 0:07-3293-HMH-BM
                   Petitioner,         )
                                       )
v.                                     )
                                       )
COLLIE RUSHTON,                        )
                                       )    **REPORT AND RECOMMENDATION**
                                       )
                   Respondent.         )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on September 27, 2007.[1]

The Respondent filed a return and motion for summary judgment on December 13, 2007. As the Petitioner is proceeding pro se, a <u>Roseboro</u> order was filed on December 14, 2007, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

Petitioner thereafter filed a response in opposition to summary judgment on January 10, 2008. This matter is now before the Court for disposition.[2]

_____

[1]Filing date under <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As



## **Procedural History**

Petitioner was indicted in October 2000 in Florence County for possession of cocaine with intent to distribute and possession of controlled substance with intent to distribute within proximity of a school [Indictment No. 00-GS-21-1536]. (R.pp. 236-237, 325-326). Petitioner was represented by Scott Suggs, Esquire. On June 18-19, 2001, Petitioner was tried in his absence and found guilty on the charges. (R.pp. 1-226). His sentences were unsealed on August 28, 2001, at which time Petitioner was sentenced to twenty-five (25) years imprisonment for possession of cocaine with intent to distribute and five (5) years, concurrent, for possession of a controlled substance with intent to distribute within proximity of a school. (R.pp. 218-219, 227-233, 318-319).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Wanda H. Haile, Deputy Chief Attorney of the South Carolina Office of Appellate Defense, who filed an Anders[3] brief raising the following issue:

> The lower court erred in allowing the defense to exercise two peremptory challenges in a discriminatory manner.

See Petition, p. 3.

Petitioner also filed a supplemental brief pro se on November 19, 2002, asserting the following issues:

---

this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744; see also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).
.



I.  Ineffective Assistan[ce] of Appellate Counsel by Dev[ia]ting from the "Anders" procedure briefing an issue that was not preserved for Appellate Review by an objection or motion.

II. Issues that were preserved for appellate review [were]:

> 1. Objection to the indictment.
> 2. Motion for a continuance.
> 3. Motion for a directed verdict.

III. Because the Trial Court Judge did not warn the Appellant that he would be tried in his absence if he did not appear at trial on the record, the trial court erred.

IV. Because the confidential informant was not present at trial the Appellant's 6th and 14th Amendment rights to the United States Constitution was violated.

See *Pro Se* Supplemental Brief of Appellant, pp. 6-9, 13-15, 18-19.

On June 5, 2003, the South Carolina Court of Appeals dismissed the appeal.  State v. White, 2003-UP-386 (S.C.Ct.App. filed June 5, 2003).  The remittitur was sent down on July 9, 2003.

On June 17, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court.  White v. State of South Carolina, No. 03-CP-21-1126.  Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Counsel.

2. The Trial Court lacked subject matter jurisdiction.

3.  Double jeopardy clause violations in grand jury indictment.

(R.p. 240).

Petitioner was represented in his APCR by Richard W. Strobel, Esquire, and an evidentiary hearing was scheduled for June 29, 2004.   (R.pp. 244-270).  However, after the hearing started, the PCR judge (the Honorable B. Hicks Harwell) recused himself because he had presided over the unsealing of Petitioner's sentence on August 28, 2001. (R.pp. 265-266).  Thereafter, on October 14, 2004, a



second evidentiary hearing was held before a different circuit judge. (R.p. 286-310). On December 21, 2004, the PCR judge entered an order denying Petitioner's APCR and dismissing the petition with prejudice. (R.pp. 271-279).

Petitioner did not file an appeal. However, on March 31, 2005, Petitioner filed a second PCR application, alleging that he was deprived of his right to appeal from the denial of his first APCR. (R.pp. 280-285). With the consent of both parties, an order was entered finding that Petitioner had not knowingly and voluntarily waived his right to appeal the denial of his first APCR; (R.pp. 312-316); and Petitioner then filed a Petition for Writ of Certiorari. Petitioner was again represented on appeal by Wanda Haile Carter, Esquire, who asserted the following issue:

> Did the PCR court properly rule that petitioner did not voluntarily and knowingly waive his right to a PCR appeal?

See Petition, p. 2.

Petitioner's counsel also filed the writ pursuant to Austin v. State[4] raising the following issues:

> 1. Did the PCR court properly rule that Petitioner did not voluntarily and knowingly waive his right to a PCR appeal?
>
> 2. Did trial counsel err in representing Petitioner due to a conflict of interest in the case?

See Austin Petition, p. 2.

On August 31, 2007, the South Carolina Court of Appeals granted belated review, and then denied the petition. White v. State, Case No. 205-CP-21-553 (filed Aug. 31, 2007). The Remittitur was issued on September 18, 2007.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner

---

[4]409 S.E.2d 395 (S.C. 1991).



raises the following issues:

> **Ground One:** Ineffective Assistance of Appellate Counsel.
> A.  Appellate Counsel deviated from the <u>Anders</u> procedure.
>
> **Ground Two:** The Trial Court lacked subject matter jurisdiction.
> A.  The indictment reflects the name of appellant's father.
> Fatally defective indictment.
>
> **Ground Three:** Motion for a Directed Verdict.
> A.  Co-defendant Juanita Staggers pled guilty to the drugs.
>
> **Ground Four:** Motion for Continuance.
> A.  The record reflected that trial counsel thought once codefendant
> plead guilty all charges would be dropped and wasn't prepared to go
> to trial.
>
> **Ground Five:** Objection to the indictment.
> A.  The indictment named Petitioner's father.
>
> **Ground Six:** Ineffective Assistance of Counsel.
> A.  Counsel operated under a conflict of interest.

<u>See</u> <u>Petition</u>, pp. 6-12, and Attachments.

## <u>Discussion</u>

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56

(b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas

Corpus Rules 5-7, 11.    Further, while the Federal Court is charged with liberally construing

pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case, <u>see</u>

<u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts



5

which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that appellate counsel was ineffective for only filing an <u>Anders</u> brief on direct appeal.[5]  A defendant is constitutionally entitled to the effective assistance of appellate counsel. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-397 (1985); <u>Tisdale v. State</u>, 594 S.E.2d 166, 167 (S.C. 2004). However, in order to show ineffective assistance of appellate counsel, the Petitioner must show that appellate counsel's performance was (1) deficient; and (2) that he suffered prejudice from appellate counsel's deficiency.  <u>Tisdale</u>, 594 S.E.2d at 167.

The South Carolina Court of Appeals reviewed Petitioner's appeal, including his appeal issues as set forth in his <u>pro se</u> brief, and found no basis for reversal of Petitioner's convictions.  <u>See</u> <u>State v. White</u>, Op. No. 2003-UP-386 (filed June 5, 2003). The PCR judge also found that Petitioner's appellate counsel's performance was not deficient, that Petitioner was not prejudiced by this counsel's performance, and that Petitioner had therefore failed to show ineffective assistance of appellate counsel.  (R.p. 278).  The undersigned can find no reversible error in these decisions.

The record reflects that, although Petitioner's appellate counsel was not called as a witness at the PCR proceeding, the PCR judge found that appellate counsel was not deficient in his

---

[5]Although Respondent asserts that this issue was not raised in Petitioner's PCR action, the record reflects that the PCR judge addressed this issue in his order.  (R.pp. 273, 275, 278).  While Petitioner did not, however, thereafter preserve it by raising it as an issue in his PCR appeal, he did raise it earlier in the <u>pro se</u> supplemental brief he filed in his direct appeal. <u>See</u> <u>Pro se</u> Supplemental Brief, p. 6.  Therefore, in light of Petitioner's <u>pro se</u> status, and out of an abundance of caution, the undersigned has addressed this issue on the merits.



performance while noting the truism that a failure by appellate counsel to raise issues on appeal does not automatically render appellate counsel ineffective. (R.p. 278). See Harris v. Bartus, No. 04-1568, 2006 WL 2683517 at *5 (D.Ariz. Sept. 18, 2006) ["[Petitioner's] argument that counsel was ineffective for filing an Anders brief is ...without merit; counsel is not required to present frivolous claims."] (citing Anders 386 U.S. at 744-745.); Tisdale, 594 S.E.2d at 167.  Further, even assuming arguendo that appellate counsel's performance was deficient because she did not raise other issues on appeal, Petitioner has not shown the necessary prejudice to succeed on this claim.  To establish prejudice Petitioner would have to show that the South Carolina Court of Appeals would have found prejudicial error warranting reversal of his conviction and/or sentence if appellate counsel had not filed an Anders brief and had instead raised other issues.  He has failed to do so.

The South Carolina Supreme Court has held that

> [u]nder Anders,...[t]he court...is obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous".... according to Anders, the reviewing court is obligated to make a full examination of the proceedings on its own.  Anders.  After such an examination, if the reviewing court agrees with the attorney, it may dismiss the appeal or proceed to a decision on the merits.  Id.  On the other hand, if the court disagrees with the attorney's analysis of the appeal, it must afford the defendant 'the assistance of counsel to argue the appeal.'  Id.  At 744.  The purpose of filing a brief under Anders is to ensure the merits of the appeal are not overlooked.  The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal.

State v. McKennedy, 559 S.E.2d 850, 854-855 (S.C. 2002). See also, Anders, 386 U.S. at 744.

Therefore, when the South Carolina Court of Appeals denied Petitioner's appeal, to the extent that an underlying issue was properly preserved for appellate review; see State v. Sullivan, 282 S.E.2d 838, 844 (S.C. 1981)[objection or motion must be raised to trial judge in order to preserve issue for appellate review]; the merits of the issue were reached.  Washington v. Rushton, No. 05-2394, 2006 WL 2050582 at *2 (D.S.C. July 13, 2006)["Petitioner cannot show the required prejudice because



7

the South Carolina Court of Appeals, which was obligated under <u>Anders</u> to conduct a full examination of the record on its own to determine whether a meritorious issue existed, denied the appeal."]**.**

Because the appellate court itself examined the record to determine if any meritorious issue existed, Petitioner has not shown any prejudice due to his appellate counsel filing an <u>Anders</u> brief.  Therefore, this issue is without merit and should be dismissed.

## II.

In Ground Two of his Petition, Petitioner argues that his indictment was defective because it named his father rather than him. Petitioner contends that the trial court therefore lacked jurisdiction to hear his case.

The record reflects that, at trial, while defense counsel mentioned that Petitioner's father may have gone by the nickname "Zellie" (which is also listed as an "a/k/a" for Petitioner on his indictment), he did not raise this issue as a subject matter jurisdiction claim.  Rather, counsel objected to the inclusion of the nickname "Zellie" because it had a negative connotation as a street-name.  (R.pp. 21-23).  When the State argued that the officers were looking for a person called "Zellie" and that Petitioner answered to that name,  Petitioner's counsel responded that "[h]is father was Zellie Lee White.  And I  – and the officers may have called him "Zellie" because that was the name he answered to or accepted service on that name.  I just – I think it's wiser and more prudent course of action to not even mention it," following which the court stated "well, I'll give the jury instruction.  I didn't see any problem with it, but I'll make sure we know him as Darren White." (R.pp. 22-23).  The trial court then instructed the jury,

> When I told you the Defendant's name was Darren White, also known as "Zellie", it's been pointed out to me that that name was believed to have been the name of his



father and does not apply to him, so I need to instruct you on that. Don't give any weight whatsoever or any consideration to the fact that there was mention of another name there. It has nothing to do with this case. I will not use it anymore. We are trying, at this time, Darren White. It has nothing to do with his father or anybody else in that family or anyone having the same name. I just wanted you to be aware of that, that I may have been incorrect in including that name when I was asking you the preliminary questions.

(R.pp. 23-24).

At his PCR hearing, Petitioner argued that his counsel was ineffective because he should have moved for dismissal since the indictment was defective and did not apply to him. (R.pp. 263, 298).[6] The PCR court found that the indictment was not defective and was sufficient to confer subject matter jurisdiction; (R.pp. 275, 277);[7] and this issue was not thereafter pursued in Petitioner's PCR appeal. However, although Petitioner's counsel did not raise this issue as an objection at trial on the basis of a jurisdictional claim, Petitioner did raise this issue as a subject matter claim in his pro se supplemental brief in his direct appeal. See _Pro Se_ Supplement Brief of Appellant, pp. 6-13. This appeal was rejected by the appellate court, and as it is arguable that a subject matter jurisdiction claim could have been properly raised for the first time in Petitioner's direct appeal; see State v. Means, 626 S.E.2d 348, 352 (S.C. 2006); the undersigned has addressed this issue on the merits. Nevertheless, after careful review of the record in this case, the undersigned can find no basis for federal habeas relief.

The "sufficiency of an indictment or information is primarily a question of state law;" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418

---

[6]At the second hearing, the issue addressed appears to relate to the indictment number, rather than Petitioner's name. (R.p. 298).

[7]The PCR order simply makes a finding that there was no defect in the indictment, but does not specifically mention Petitioner's father or a problem with the name on the indictment.



(8th Cir. 1986))(quoting <u>Goodloe v. Parratt</u>, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), <u>cert. denied</u>, 481 U.S. 1020 (1987)), <u>cert. denied</u>, 502 U.S. 835 (1991); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." <u>Ashford v. Edwards</u>, 780 F.2d 405, 407 (4th Cir. 1985). <u>See also</u> <u>Johnson v. Puckett</u>, 930 F.2d 445, 447 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; <u>Morlett v. Lynaugh</u>, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting <u>Alexander v. McCotter</u>, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), <u>cert. denied</u>, 489 U.S. 1086 (1989).

There is no evidence of any such deficiency in this case. First, the South Carolina Supreme Court noted in <u>Winns v. State</u>,

> that our decision in this case is consistent with the recently published opinion of <u>State v. Gentry</u>, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. <u>See</u> S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law").

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In <u>Gentry</u>, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." <u>Gentry</u>, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law,



Petitioner's allegation is not even a subject matter jurisdiction claim. <u>See</u> <u>also</u> <u>Madden v. Warden</u>, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of <u>Gentry</u>]; <u>State v. Means</u>, 626 S.E.2d at 352 [same].

Further, even prior to <u>Gentry</u>, there is no basis on which to find that the indictment here was defective. It clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against him. <u>Gentry</u>, 610 S.E. 2d at 499, n. 6 ["[A]n indictment is needed to give notice to the defendant of the charges against him"]. Nor is there any evidence to support a finding that the inclusion of the words "a/k/a Zellie" on the indictment rendered the indictment "fatally defective" or made Petitioner's trial "egregiously unfair" <u>Ashford</u>, 780 F.2d at 407; <u>Johnson</u>, 930 F.2d at 447; <u>see</u> <u>State v. Owens</u>, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]. The State court found that the indictment in Petitioner's case was proper, and since there is no basis in the record before this Court on which to find a due process violation, Petitioner is not entitled to federal habeas relief. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; <u>Thompson v. Perry</u>, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007) ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; <u>Dew v. Pancake</u>, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; <u>Shepler v. Evans</u>, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 1077 (2000).



Since Petitioner has failed to present the substance of a federal constitutional claim with regard to the sufficiency of the indictment, this claim should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that his motion for a directed verdict should have been granted because his co-defendant, Juanita Staggers, pled guilty to possession of the drugs. See (R.pp. 132-133, 140-166). The State court rejected this claim, which was raised in Petitioner's pro se direct appeal brief. State v. White, 2003-UP-386 (S.C.Ct.App. filed June 15, 2003).

This claim goes to the sufficiency of the evidence, and while such a claim is cognizable on collateral review, a federal court's review of such claims is "sharply limited." Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998), cert. denied, 525 U.S. 1012 (1998)(quoting Wright v. West, 505 U.S. 277, 296 (1992)); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir. 1994)["The standard is obviously rigorous."]. "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292). Therefore, the Petitioner is entitled to relief on this claim only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Wilson, 155 F.3d at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979)); see also George v. Angelone, 100 F.3d 353, 357 (4th Cir. 1996); Bradley v. State, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005).

Here, the evidence shows that on March 9, 2000, Officer Michael Cubelli received a complaint about a person in a Ford pickup selling drugs outside of the Independent Club. The officer went to the scene, saw a person fitting the description, and walked up and observed the



12

Petitioner with a bag in one hand that resembled cocaine and holding a beer in the other hand. (R.pp. 35-38, 52-57). Cubelli identified himself, and the Petitioner put the bag in his mouth. (R.pp. 35, 53). When Cubelli and two other officers began to handcuff the Petitioner, Juanita Staggers walked up saying she wanted to hug the Petitioner and Petitioner then spit out the bag of cocaine to Staggers, who grabbed it. (R.pp. 38, 52-55, 86-88, 105-106). Staggers grabbed the cocaine bag that Petitioner spit out but upon arrest asserted "that's not my drugs." The officers recovered the material immediately at the scene and both were charged with possession with intent to distribute cocaine. (R.pp. 106-110). The seized material, a mixture of cocaine and lidocaine, weighed 3.45 grams or 53 grains. (R.p. 126).

Petitioner argues that the mere fact that Staggers subsequently declared that the drugs were hers and had dropped out when she was thrown against the car required a directed verdict. (R.pp. 145-146). However, "a federal court reviewing the sufficiency of the evidence on collateral attack must consider the evidence in the light most favorable to the prosecution and must presume that the jury resolved any conflicts over the historical facts in the [state's] favor." Wilson, 155 F.3d at 406. The record contains evidence that the officers saw Petitioner in possession of the cocaine, and the undersigned concludes that Petitioner has failed to show that no rational trier of fact could find him guilty of the charges under the evidence presented. Therefore, this allegation is without merit and should be dismissed.

## IV.

In Ground Four of his Petition, Petitioner contends that his case should have been continued because trial counsel thought that once Petitioner's co-defendant pled guilty, all charges would be dropped and that his counsel was therefore not prepared to go to trial. Petitioner asserts that



this issue was raised in his <u>pro se</u> direct appeal brief, and Respondent has not contested exhaustion. However, while Petitioner does list "motion for continuance" as one of his preserved claims from his trial; <u>see</u> <u>Pro se</u> Direct Appeal Brief, p. 7; it does not appear that he actually makes an argument therein with respect to the issue presented in this federal habeas petition. <u>See</u> <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).

In any event, there is no basis for federal relief on this claim, even if it was properly exhausted on direct appeal.[8] The trial record shows that Petitioner's counsel made the motion for a continuance in order to have Petitioner present at his trial, not because he was not prepared. (R.pp. 17-19). The record also reflects that the trial judge denied the motion, stating

---

[8]This issue was also raised in Petitioner's APCR as an ineffective assistance of counsel claim. However, Petitioner did not appeal the denial of this claim, and it is therefore barred from federal habeas review absent a showing of cause and prejudice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert.</u> <u>denied</u>, 492 U.S. 936 (1989). As Petitioner asserts he exhausted this claim as a direct appeal issue, he presents no argument for cause or prejudice with respect to his PCR claim. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court.". ], <u>cert.</u> <u>denied</u>, 498 U.S. 1035 (1991). Nor has he demonstrated that a miscarriage of justice will occur if this claim is not heard. <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, to the extent this claim was presented as part of Petitioner's APCR, it is barred from consideration by this Court.



> No, I can't do this, He was here. He knew he was up for trial. He vamoosed. I mean, I believe in protecting everybody's right about a notice of hearing, and he was told to be here ready for trial, and I'm not going to stall the Court and wait around on somebody that doesn't even care enough about himself that he can't stay here like he's supposed to. . . .

(R.pp. 18-19).

There is no evidence that the motion for continuance was based upon counsel being unprepared to proceed at trial, nor is there any evidence that counsel was unprepared. Accordingly, Petitioner has made no showing that the trial court improperly denied the motion for a continuance, or that the state court's ruling on this issue should be overturned. See Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000) [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. This claim should be dismissed.

## V.

In Ground Five of his Petition, Petitioner objects to the indictment because it names his father. This issue was discussed in Ground Two and is without merit. See discussion, supra.

## VI.

In Ground Six of his Petition, Petitioner contends that his counsel was ineffective because he operated under a conflict of interest. Petitioner was represented at trial by Scott Suggs of the Public Defender's Office, while Petitioner's co-defendant, Staggers, was represented by Stephen Hill, also of the Public Defender's Office. Staggers pled guilty and then testified in



Petitioner's favor. (R.pp. 140-166).

This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>White v. State of South Carolina</u>, No. 03-CP-21-1126. Petitioner then raised this issue on appeal, where it was rejected by the appellate court. <u>See</u> <u>Austin</u> Petition, p. 2; <u>White v. State</u>, Case No. 205-CP-21-553 (filed Aug. 31, 2007). Therefore, this issue has been exhausted and is properly before this Court.

The PCR judge found that 1) Petitioner testified that he believed there was a conflict of interest because the Florence County Public Defender's Office represented both him and his co-defendant and that this conflict affected trial counsel's performance; 2) Petitioner did not clarify what the conflict was; 3) trial counsel testified that he saw no conflict of interest because the co-defendant testified at Petitioner's trial on Petitioner's behalf and because both Petitioner and the co-defendant alleged that the drugs belonged to the co-defendant; 4) trial counsel testified that the co-defendant's testimony supported Petitioner's version of events; 5) the allegation that trial counsel's representation fell below reasonable professional norms is without merit; 6) no conflict of interest existed where the co-defendant testified that the drugs belonged to her; and 7) trial counsel rendered reasonable assistance to the petitioner and that he demonstrated skill, knowledge, and professional judgment in his representation. (R.pp. 275-278).

Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d at 311-312 ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell</u>

16



v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694.  In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir. 1996).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. In <u>Williams v. French</u>[9], the Fourth Circuit addressed a claim of conflict of interest where the public defender had been appointed to represent the defendant and two other members of his office had been appointed to represent a co-defendant.  The Fourth Circuit set forth the applicable standard in such a situation as follows:

> "The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the right to representation free of conflicts.  <u>See Strickland</u>, 466 U.S. at 688; <u>United States v. Swartz</u>, 975 F.2d 1042, 1047 (4th Cir. 1992).  To prevail on a conflict of interest claim, a petitioner must establish the existence of an actual conflict of interest, <u>see</u> <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348

---

[9]146 F.3d 203 (4th Cir. 1998).



(1980). To establish an actual conflict of interest, the petition must show that his interests 'diverge[d] with respect to a material factual or legal issue or a course of action." <u>Id</u>. at 356 n. 3 (Marshall, J., concurring in part and dissenting in part). Additionally, the petitioner must establish that the actual conflict adversely affected his counsel's performance. <u>See</u> <u>id</u>. at 348; <u>Swartz</u>, 975 F.2d at 1048. The adverse performance prong is met if the attorney took action on behalf of one client that was necessarily adverse to the defense of the other or failed to take action on behalf of one because it would adversely affect the other. <u>See</u> <u>United States v. Tatum</u>, 943 F.2d 370, 376 (4th Cir. 1991). If the petitioner makes these showings, prejudice is presumed and he is entitled to habeas relief. <u>See</u> <u>Cuyler</u>, 446 U.S. at 349-350. The question of whether counsel labored under an actual conflict of interest that affected counsel's performance is a mixed question of law and fact that we review *de novo*. <u>See</u> <u>id</u>. at 342.

<u>Williams</u>, 146 F.3d at 212.

Petitioner has not shown the existence of an actual conflict, because he has not shown that his counsel had any divergent interest with respect to a material factual or legal issue or a course of action. Further, even assuming that an actual conflict existed, Petitioner has not shown any conflict that adversely affected his counsel's performance. Trial counsel testified at the PCR hearing that the co-defendant's testimony was "exactly what our defense was," that she testified to such at the trial, and that he therefore did not feel there was a conflict. (R.p. 305). Petitioner has not shown that either attorney took any action on behalf of one client that was necessarily adverse to the defense of the other or failed to take any action on behalf of one because it would have adversely affected the other. To the contrary, as noted by counsel, Staggers testified as a defense witness at Petitioner's trial and claimed that the drugs were hers and did not belong to the Petitioner. (R.pp. 141-164, 293-294, 304-305).

The PCR court found that Petitioner's counsel was not ineffective on this issue, and the undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim



adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Jackson v. State, 495 S.E.2d 768, 772-773 (S.C. 1998)[Finding no conflict of interest where co-defendants were represented by different members of the public defender's office and nothing in the record suggests the potential conflict caused counsel to treat respondent's case in such a manner as to obtain more favorable consideration for respondent's co-defendants]. This claim should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 12, 2008

20



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

